AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| CARL DAVIS | Case Number: 11-20608 |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is charged by way of Indictment with Possession with the Intent to Distribute Crack Cocaine and Felon in Possession of a Firearm.

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 4, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**11-20608; USA vs CARL DAVIS**                                                      PAGE 2

Defendant is a 31 year old single father of two. He claims to have been residing in the city of Detroit on Rochelle for the past ten months, but the activities outlined in the instant indictment put him in Bay City at a home on Franklin Street. He is unemployed and claims to be supported by his girlfriend with whom he was living in Bay City. Defendant has no assets or liabilities and receives a bridge card in the amount of $200 monthly.

Defendant admits to drug usage since the age of 15 when he started smoking marijuana. He continues to use marijuana on a regular basis.

Defendant's criminal history is significant for multiple and continuing arrests and convictions for drug related activity, felony weapons, and traffic offenses. Additionally Defendant is reported to have failed to appear for court appearances on four separate occasions resulting in warrants being issued.

At the detention hearing the government called a witness who testified that Defendant sold crack cocaine to an undercover agent with the assistance of a CI on July 26, 2011, July 27, 2011, August 2, 2011 and August 16, 2011, which controlled buys were recorded. The drugs were sold out of the home where Defendant was living on Franklin Street in Bay City. A search warrant was obtained and executed on the home and a firearm was recovered which handgun was purchased by the defendant (a previously convicted felon). Additionally cocaine was found in the pocket of his shorts.

Defendant asks that he be released on bond and placed into the third party custody of his father. Defendant was discharged from parole on March 22, 2011 following a conviction on May 3, 2007 for Felony Delivery and Manufacture of a Controlled substance. He was sentenced to two years six months to 20 years custody. It appears that within a matter of months Defendant continued to be engaged in the same kinds of drug activities that led to his conviction in 2007. Defendant's conviction and incarceration appear not to have been a deterrence, and his father does not appear to have been able to direct defendant's activities in a positive direction. Therefore third party custody to the father is not appropriate.

Defendant is deemed to pose a risk of flight based upon his four outstanding failures to appear, and the fact that if convicted on the instant charges, he is facing significant time. In addition the nature of the instant charges suggests that Defendant is a danger to the community in that Defendant appears to be engaging in a continuing pattern of illegal drug activities. He has three prior felony drug convictions and one prior felony weapons conviction. In addition Defendant admits to a long standing substance abuse history and ongoing drug usage. Finally Defendant was released from parole in March 2011, and this indictment was filed on September 28, 2011, six months later, well within five years from being released from state parole.

**11-20608; USA vs CARL DAVIS**                                                              PAGE 3

This court finds by clear and convincing evidence that Defendant poses a danger to the community. The court further finds by a preponderance of the evidence that defendant poses a risk of flight, and that no condition or combination of conditions will assure the safety of the community or defendant's appearance in court. Finally this Court finds that Defendant failed to sufficiently rebut the presumption of detention.

Therefore Detention is Ordered.